UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM R. THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>EAST ORANGE WELFARE AND HOSPITALITY,<br><br>    Defendant. | Civ. Action No. 08-1947 (KSH)<br><br>**OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

  Plaintiff, acting pro se, filed a one page, handwritten complaint on April 18, 2008 that states:

4-15-2008 Tue,<br>
East Orange Welfare and Hospitality<br>
1992

I, William R. Thompson, do hereby file a complaint on the Crawford Boarding Home on Park Ave.-East Orange for wrongful medication back in 1992 and I was never to be placed to that boarding home ever during that time.  My complaint again is (a) wrongful medication and (B) wrongfully placed in an East Orange Boarding Home.
/s/ William R. Thompson

(D.E. 1.)  Plaintiff also filed an incomplete application to proceed in forma pauperis ("IFP").  The Court directed the Clerk's office to supply plaintiff with a new IFP application (D.E. 2), which plaintiff filed on May 2, 2008 (D.E. 3).

  A court can permit a party pursuing an action in federal court to proceed without payment of fees provided that the person submits an affidavit with a statement of his assets that demonstrates he cannot pay the fees or give security.  28 U.S.C. § 1915(a)(1).  Once an IFP application is approved, the court then screens the complaint to determine if the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Although a pro se complaint should be construed liberally, it must still comply with the requirements of Federal Rule of Civil Procedure 8(a).  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  A complaint must contain a short and plain statement of (1) the grounds for the court's jurisdiction; (2) a statement showing plaintiff is entitled to relief; and (3) a demand for relief.  Fed. R. Civ. P. 8(a).  A plaintiff does not have to plead specific facts, but must provide a statement that gives the defendant fair notice of the legal and factual basis for the claim.  Erickson, 127 S. Ct. at 2200.  If the court finds the complaint deficient, the plaintiff should be afforded an opportunity to amend the complaint "absent inequity or futility of amendment."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff's complaint does not comply with the requirements of Rule 8(a).  It does not contain a statement of the grounds for the Court's jurisdiction, nor does it ask for any particular relief.  Based upon the complaint, the Court cannot ascertain its jurisdiction or whether relief is available.  Plaintiff claims he was wrongfully placed in a boarding home and wrongfully medicated, but he does not say how those actions were unlawful.  Plaintiff also is not clear about who he is suing.  His caption states the East Orange Welfare and Hospitality, but he says he makes his complaint against the Crawford Boarding Home.  The complaint must be dismissed for failure to comply with Rule 8(a).  Pursuant to decisions of this Circuit requiring the court to give a defendant an opportunity to amend his complaint unless amendment would be inequitable or futile, see Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008); Grayson, 293 F.3d at 108, the Court will permit plaintiff to amend his complaint in order to cure these defects.

Good cause appearing,

It is on this 22nd day of May, 2008,

**ORDERED** that plaintiff's application to proceed in forma pauperis is **granted** pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that plaintiff's complaint is **dismissed without prejudice** for failure to comply with Federal Rule of Civil Procedure 8(a); and it is further

**ORDERED** that plaintiff **may file an amended complaint within 30 days of the entry of this order**; and it is further

**ORDERED** that if plaintiff fails to amend his complaint within the time specified above, the Clerk's office shall administratively terminate the case.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.
